IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TYLER JAY YOUNG,                          )
                                          )
                    Petitioner,           )
                                          )
v.                                        )        Case No. CIV-21-00704-PRW
                                          )
MARK BOWEN, Warden,                       )
                                          )
                    Respondent.           )

## ORDER

On November 17, 2021, United States Magistrate Judge Gary M. Purcell issued a
Report & Recommendation (Dkt. 23) on the State's Motion to Quash Subpoena (Dkt. 13)
in this action, where Petitioner Young seeks habeas relief under 28 U.S.C. § 2254 and
alleges ineffective assistance of trial counsel. Young attempted to subpoena medical
records of the victim from his state conviction without seeking leave of this Court. The
State moved to quash, claiming that the attempted subpoena violates Supreme Court
precedent, Rule 6(a) of the Rules Governing § 2254 cases, and this Court's local rules.
Magistrate Judge Purcell recommended that the motion to quash be granted. The parties
were advised of their right to file objections to the Report & Recommendation by
December 7, 2021. Young timely filed objections (Dkt. 24). For the reasons that follow,
the Court **ADOPTS IN PART** the Report & Recommendation (Dkt. 23), exercises its
inherent authority to **QUASH** the subpoena, and **DISMISSES AS MOOT** the State's
Motion to Quash (Dkt. 13).

1

***Discussion***

*Subpoena*

The baseline legal standards for discovery in a habeas case are clear and easily articulated. As Magistrate Judge Purcell correctly observed, it is well established that "a habeas petitioner, unlike the usual civil litigant in federal court, is not *entitled* to discovery as a matter of ordinary course."[1] The issue is governed by Rule 6(a) of the Rules Governing Section 2254 Cases, which "requires a habeas petitioner to show good cause before he is afforded an opportunity for discovery."[2] The petitioner has no right to discovery, as Rule 6(a) cloaks discovery in discretionary language: "[a] judge *may*, for good cause, authorize . . . discovery."

This discretionary good cause threshold requires looking to the "essential elements" of the particular claim raised for habeas relief and determining where "the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."[3] Preauthorization allows the reviewing judge to limit habeas discovery to the narrow questions articulated in the habeas petition and prevent fishing expeditions by prisoners

---

[1] *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (emp. added).

[2] *LaFevers v. Gibson*, 182 F.3d 705, 723 (10th Cir. 1999); *see also* Rule 6(a)-(b), *Rules Governing § 2254 Cases* ("**(a) Leave of Court Required.** A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. . . . **(b) Requesting Discovery**. A party requesting discovery must provide reasons for the request . . . .").

[3] *Bracy*, 520 U.S. at 904, 908–09.

2

searching to find a case.[4] Here, Young never sought leave from the Court before embarking on discovery, a direct violation of Rule 6(a) and applicable precedent.

Furthermore, as Magistrate Judge Purcell also correctly noted, Young failed to comply local procedural rules. Rule 45(a)(4) of the Federal Rules of Civil Procedure requires providing notice to the opposing party before serving a subpoena requesting document production. However, Local Civil Rule 45.1(a) of this Court adds that a notice and copy of the subpoena must be filed with this Court "at least 7 days before the subpoena is served on the person to whom it is directed."[5] Young likewise violated this rule, as he never informed the Court of his intent to subpoena third-party documents.

In sum, Young skirted the mandatory judicial determination of good cause, served a subpoena he had no right or authority to serve, and failed to abide by the local rule requiring advance notice filed with the Court. As such, Magistrate Judge Purcell correctly concluded that this subpoena may not be permitted to proceed.

In his objections, Young advances a variety of arguments seeking the opposite conclusion. The Court briefly considers each in turn.

---

[4] *See, e.g.*, *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) ("Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to explore their case in search of its existence.").

[5] *See Scallion v. Richardson*, 2018 WL 6037536, at *1 (W.D. Okla. Nov. 16, 2018) (explaining the rule requires the party to "file a notice, with the attached subpoena, with the Court at least seven days before the subpoena is served and . . . not serve the subpoena to the Court's ruling on a motion for a protective order"). This provision is designed to allow the opposing party an opportunity to oppose the nonparty subpoena prior to its service. *See* LCvR45.1(b).

*First*, Young advances an overall theme that acquiring the medical records is key to correctly weighing the evidence from his trial, stating that this Court review of such records is "essential to a fair and just consideration of this case."[6] However, the Court's "task on habeas is limited to upholding federal law,"[7] not to retry the case. Habeas claims raising "ineffective assistance of counsel are not designed to allow defendant to relitigate trial errors."[8] Young's ineffective assistance of counsel claim is governed by the *Strickland* test: (1) trial counsel was deficient, or fell below an objective standard of reasonableness, and (2) the deficiency was prejudicial, or there is a reasonable probability that the result of the proceeding would have been different.[9] This is accompanied by a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,"[10] so Young faces the hefty burden of proving that his trial counsel's conduct regarding the specific medical records in question was not a reasonable strategy and that these records alone could have changed the outcome of the trial. The Court expresses no opinion the merits of this ineffective assistance claim at this time. It is possible that additional evidence will be needed to resolve this claim, and it is also possible that the claim may be resolved without additional evidence. In short, contra to Young's abstract suppositions, the Court

---

[6] Objections (Dkt. 24), at 2.

[7] *Boyle v. McKune*, 544 F.3d 1132, 1138 (10th 2008).

[8] *Id.*

[9] *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

[10] *Id.* at 689.

considers only the narrow question of ineffective assistance of counsel and must determine whether that question requires additional evidence before finding good cause for discovery.

*Second*, Young objects to Magistrate Judge Purcell's conclusion that "[i]t is undisputed in this matter that Petitioner did not seek leave of court prior to issuing the subject subpoena."[11] Young claims he "has requested and continues to request" leave, and quotes a prior filing: "Petitioner requests leave of this Court and provides his reasons for needing the subpoena for medical records."[12] However, the document Young cites was filed *after* the subpoena was served, not before. This post factum request for leave does not retroactively absolve his failure to seek leave prior to serving the subpoena.

Young additionally claims that when he filed his third motion for extension of time to file his brief in support of the petition, he sufficiently advised the Court of the need to subpoena the medical records. The block quotation offered in support of this assertion deceptively combines two separate filings: the motion for extension of time, where Young argued that "it is important to establish whether Mr. Young's [trial] counsel made any attempt to obtain" the records, and "Counsel needs additional time to pursue related information," and Young's later response to the State's motion, where he stated "Petitioner prepared to issue one—and only one (1) subpoena."[13] However, the response was filed *after* the subpoena was served, and the extension of time made no mention of a subpoena or any attempt to seek discovery. Young's bare statements that generically discussed the

---

[11] Report & Recommendation (Dkt. 23), at 3.

[12] Objections (Dkt 24), at 2.

[13] *Id.* at 3.

5

central claim in his petition did not inform the Court of his intent to subpoena medical records. Even had the request been understood that way, the extension of time would have been to permit him to seek leave of Court to serve a subpoena, not carte blanche to conduct discovery on his own recognizance. As a whole, Young's arguments regarding leave are without merit at best and deceptive at worst.

*Third*, Young embarks on a lengthy discussion of caselaw on good cause and medical records relating to ineffective assistance of counsel, seemingly seeking the Court to render a post hoc good cause determination and allow the subpoena to proceed. However, again, presenting these arguments after the fact does not absolve Young's failure to seek a good cause determination before serving the subpoena.

*Fourth*, Young argues that any procedural errors were inadvertent and that the Court should overlook or cure the errors now. Even were the Court inclined to overlook procedural violations, outstanding questions remain on whether Young can prove good cause to pursue discovery and whether resolution of the claim in this case will require additional evidence at all. Magistrate Judge Purcell has presided over the initial proceedings and remains in the best position to make a determination on good cause, if the question is raised in a properly filed motion. Thus, the Court will not cure Young's repeated procedural violations.

*Fifth*, Young raises an argument relating to actual innocence and nods at an argument on potential *Brady* violations. Neither claim was presented in Young's petition for habeas relief, and as such are not before the Court now.

*Sixth*, prior to Magistrate Judge Purcell's Report & Recommendation, Young argued that the State did not have standing to challenge the subpoena. Generally, only the party to whom a subpoena is directed has standing to object, and an opposing party can may only object if it "asserts a personal right or privilege with respect to the materials subpoenaed."[14] Magistrate Judge Purcell nonetheless recommended that the Court grant the State's motion and quash the subpoena based on the multiple procedural violations. Conducting *de novo* review, the Court concludes that here Young may be correct—the State has not asserted a personal right or privilege over the subpoenaed medical records and has identified no authority granting them standing to object. If this is correct and the State is truly without standing, the motion to quash must fail—creating the odd scenario where a party could violate clear procedural rules, but the opposing party is prevented from objecting to the violation. However, the Court need not resolve this thorny issue of standing today, as the law is clear that Young has no right to serve a subpoena prior to receiving leave and the Court has the authority to *sua sponte* quash subpoenas that seek evidence outside the scope of what is permitted by federal rules.[15] Therefore, the Court finds that the

---

[14] *See* 9A Charles A. Wright & Alan R. Miller, *Federal Practice and Procedure—Civil*, § 2463.1 Quashing or Modifying a Subpoena (3d ed.) ("[P]arties generally do not have standing to move to quash subpoenas issued to non-parties.").

[15] *See* Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery . . . if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1).") Given that the Rules Governing § 2254 Cases are meant to operate in conjunction with the Federal Rules of Civil Procedure, Rule 6(a)'s bar on discovery by habeas petitioners restricts the scope of permissible discovery and Rule 26(b)(2)(C) provides this Court with the authority to stop any attempts at such impermissible discovery.

best resolution of this issue is to *sua sponte* quash the subpoena under its Rule 26(b)(2)(C) authority and it dismiss as moot the State's motion to quash.

*An Attorney's Obligations to the Court*

Turning from the issue of the improper subpoena, the Court is concerned by a number of misleading representations of petitioner's counsel—Mr. R. Scott Adams.

On at least two occasions, Mr. Adams represented facts to the Court that could be considered attempts at artful deception. As mentioned above, Mr. Adams used a single block quote to piece together language from two different filings, one from *before* the subpoena was served and one from *after*. Given the context, it appears to be a clumsy attempt to create the false impression that the subpoena was discussed with the Court prior to being served. Later in the objections, Mr. Adams also stated: "The Magistrate has the impression that the hospital was served with the subpoena, which is not the case."[16] However, if Magistrate Judge Purcell reached the wrong impression, it is because Mr. Adams represented to Judge Purcell in a previous filing that: "The subpoena was issued to Norman Regional hospital . . . . [and t]he hospital did not object to the subpoena."[17]

Also concerning are Mr. Adams' misrepresentations of law. On page fourteen of the objections, Mr. Adams claimed "the Tenth Circuit concluded that failure to obtain medical records was also unreasonable,"[18] followed by a lengthy quotation from *Frost v. Pryor*.[19]

---

[16] Objections (Dkt. 24), at 13.

[17] Resp. to Mot. to Quash, (Dkt. 17), at 1.

[18] Objections (Dkt. 24), at 14.

[19] 749 F.3d 1212 (10th Cir. 2014).

But the passage passed off as binding precedent from the Tenth Circuit is actually a passage from the dissenting member of the panel, and the *Frost* court ultimately affirmed dismissal of a habeas petition alleging ineffective assistance of counsel for not investigating medical records.

Similarly concerning, in the response to the motion to quash, Mr. Adams claimed that "district court do not apply the *Nixon* requirements as strictly when a criminal defendant issues a subpoena to a third party," citing a magistrate's report and recommendation from the Northern District of California case *United States v. Nosal*.[20] However, Mr. Adams omitted the crucial fact that the passage and principle he specifically relied on was explicitly rejected when the district court reviewed the report and recommendation,[21] and also violated long-standing Ninth Circuit precedent.[22]

Equally inexplicable is Mr. Adams citation of *Sadler v. Howes*[23]—a Sixth Circuit habeas case—in the response to the motion to quash. Mr. Adams claims the *Sadler* court reversed the district court and gave the habeas petitioner "an opportunity to develop his evidence," including a seventy-seven-word block quote that ostensibly came from the case

---

[20] 291 F.R.D. 403, 408 (N.D. Cal. 2013).

[21] *See United States v. Nosal*, 2013 WL 11327121, at *11 (overruling the magistrate's report and recommendation in part due to applicable Ninth Circuit precedent and since "[c]ourts in this district citing *Fields* have likewise rejected the contention that third party subpoenas are not governed by the standard in *Nixon*").

[22] *See United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981) ("[W]e see no basis for using a lesser evidentiary standard [than the *Nixon* standard] merely because production is sought from a third party rather than from the United States.").

[23] 541 F. App'x 682 (6th Cir. 2013).

to support this claim. While *Sadler v. Howes* does exist, nothing else from Mr. Adams' representation of the case is true. Rather than reverse and remanded for further evidence development, the Sixth Circuit found that "the district court's denial of Sadler's request for a post-sentencing evidentiary hearing was not an abuse of discretion" and so "the district court's denial of habeas relief is affirmed."[24] And Mr. Adams' seventy-seven-word quotation is simply nowhere to be found in the *Sadler* opinion.

Mr. Adams' invocation of nonexistent law does not end there. On page ten of the response, Mr. Adams cites the Supreme Court case *Williams v. Taylor*,[25] followed by a parenthetical that ostensibly contains a quote from *Williams*: "The strictures of § 2254(e)(2)(A)-(B) do not apply, however, where an applicant has not failed to develop—i.e., has been diligent in developing—the factual basis of his claim in state court." Again, this quote is found nowhere in the *Williams* opinion.

The Court hopes that the many issues with the filings in this case were the product of mere sloppiness rather than something worse, but either way, they must not happen again. The Court expects better—and its rules *require* better—of those who practice before it.

### Conclusion

The rules of process imposed by the Supreme Court and this Court may not be cavalierly flouted, and the Court will not accept retroactive attempts to justify an improper

---

[24] *Id.* at 692.

[25] 529 U.S. 420 (2000).

attempt to gather unauthorized evidence. Accordingly, the Court **ADOPTS IN PART** Magistrate Judge Purcell's Report & Recommendation (Dkt. 23), exercises its inherent authority to **QUASH** Petitioner Young's unauthorized subpoena, and **DISMISSES AS MOOT** the State's Motion to Quash (Dkt. 13). This does not dispose of all issues referred to Magistrate Judge Purcell in this matter and Petitioner Young remains free to seek a properly-conducted motion for leave to conduct discovery after a finding of good cause and relevance to the determination of his petition.

  **IT IS SO ORDERED** this 22nd day of December 2021.

_____

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE