IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYLER JAY YOUNG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-21-00704-PRW |
| | ) |
| SCOTT CROW, Director,[1] | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court are Magistrate Judge Gary M. Purcell's Supplemental Report & Recommendation (Dkt. 27), Petitioner's Objections (Dkt. 28), and Respondent's Response to Petitioner's Objections (Dkt. 30). For the reasons below, the Court **ADOPTS** the Supplemental Report & Recommendation and **DENIES** the § 2254 petition for habeas relief (Dkt. 1).

In 2017, Petitioner Tyler Jay Young was convicted in state court of murder in the first degree-child abuse and subsequently sentenced to life in prison without parole. Following conviction, Young appealed to the Oklahoma Court of Criminal Appeals ("OCCA") on a double claim of ineffective assistance of counsel. Specifically, Young claimed that his trial counsel erred by (1) failing to obtain the child's medical records, and

---

[1] This case was originally captioned as against Mark Bowan, Warden for the Lawton Correctional & Rehabilitation Facility. Respondent advised the Court that the correct party respondent would be Scott Crow, Director of the Oklahoma Department of Corrections. *See Parker v. Jones*, 2010 WL 3729976, at *16 (W.D. Okla. July 12, 2010), *report and recommendation adopted*, 2010 WL 3730076 (W.D. Okla. Sept. 17, 2010).

1

(2) failing to present an expert witness to testify that the injuries to the victim occurred before the child was in Young's care. The OCCA rejected Young's arguments and affirmed his conviction. Young then filed the current petition for habeas relief with this Court, again raising a double ineffective assistance of counsel claim, but with one slight difference. Young now argues that his trial counsel erred by (1) failing to obtain the child's medical records, and (2) failing to retain an expert witness to testify that the victim's fatal injuries occurred from improper CPR. During the course of this habeas proceeding, Young's counsel attempted to serve an unauthorized, impromptu subpoena on the hospital holding the victim's medical records. The Court quashed that subpoena and reminded Young that he could file a timely motion for a good-cause determination for permission to conduct habeas discovery. Young did not immediately file such a motion seeking leave to conduct discovery, instead waiting until three weeks after the Supplemental Report & Recommendation to file a motion for discovery.

    In the Supplemental Report & Recommendation (Dkt. 27), Magistrate Judge Purcell correctly observed that the first argument—alleging that Young's trial counsel had failed to obtain the victim's medical records—had been considered and rejected on direct appeal, and that Young had not demonstrated that this result was unreasonable or contrary to federal law. Magistrate Judge Purcell also correctly observed that Young's current expert witness claim was predicated on a slightly different theory than his original expert witness claim so this current claim had not been properly exhausted in state court. However, since Young's new claim would be procedurally barred as waived in the state court, Magistrate Judge Purcell proceeded to address its merits and concluded that this claim failed to

establish prejudicial effect under the *Strickland* test, since Young merely speculated what an expert might have testified. Based on these two conclusions, Magistrate Judge Purcell recommended that Young's petition for habeas relief be denied.

Young filed timely objections, raising seven separate objections or observations. The Court addresses each in turn.

*First*, Young objects to Magistrate Judge Purcell's overall conclusion and argues that it is premature to consider final determination of his habeas petition before his request for leave to conduct discovery has been resolved. However, at the time Young filed this objection, he had *not* yet asked the Court for leave to conduct discovery. Young filed his petition in July of 2021. The Court quashed the unauthorized subpoena on December 22, 2021. At no point during the process of quashing his unauthorized subpoena did Young properly seek the Court's leave to conduct discovery. Magistrate Judge Purcell issued the Supplemental Report & Recommendation on January 14, 2022. Young filed his objections to the Supplemental Report & Recommendation on February 3, 2022. Not until February 8, 2022—over seven months after filing this petition for habeas relief—did Young file his first proper motion for permission to conduct additional discovery.

Had Young at any point diligently pursued this matter in accordance with the proper procedures for habeas discovery, perhaps the matter would be different. But since he is a counseled litigant, his untimely motion and failure to comply with habeas discovery rules

cannot be excused through liberal construction.[2] And he may not now prevent the Court from ruling on his petition through a very untimely motion for additional discovery.

*Second*, Young objects to Magistrate Judge Purcell's conclusion that he had not exhausted state remedies on his ineffective assistance of counsel claim. It bears repeating that Young's ineffective assistance of counsel claim has multiple components. As Magistrate Judge Purcell correctly observed, Young did exhaust the claim alleging that his trial counsel erred by failing to obtain the victim's medical records.

However—as previously mentioned—although Young did argue to the OCCA that his trial counsel erred in not retaining an expert witness, the specific theory of this claim is now different. On direct appeal, Young argued that an expert could have argued that the victim's injuries occurred prior to when the child was in Young's control. In this current petition, he changes course and argues that an expert could have testified that the bulk of the victim's injuries were caused by improper CPR. While the two lack-of-expert claims may appear similar at a high level of generality, they are offered for different purposes, on different theories of the case, and in search of different conclusions. Therefore, Magistrate Judge Purcell is correct that Young had not exhausted that portion of the current ineffective assistance of counsel claim on direct appeal.

*Third*, Young argues that this Court is not limited to reviewing the factual record that was before the state court. He asserts that since the OCCA denied his request for an

---

[2] *See Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994).

Case 5:21-cv-00704-PRW   Document 32   Filed 04/28/22   Page 5 of 8

evidentiary hearing, he was "denied an opportunity to develop the record in state court" through "no fault of his own,"[3] so he should be permitted to expand the factual record now.

As recently established by the Supreme Court, this Court's review during habeas is "limited to the record that was before the state court that adjudicated the claim on the merits."[4] When reviewing § 2254 petitions, the Tenth Circuit has concluded that this Court may "only order evidentiary hearings if the petitioner meets the requirements in *both* §§2254(d) and (e)(2)."[5] This requires Young to demonstrate both that (1) the state court's decision was contrary to clearly established federal law or was based on an unreasonable determination of the facts, *and* (2) the claim now advanced relies on a new rule of constitutional law or a previously undiscoverable fact.[6] This rule applies even where the state court considered and denied a petitioner's request for an evidentiary hearing.[7] Here, Young presented no arguments to that the OCCA's conclusion was so "unreasonable" or contrary to federal law that all "fairminded jurists" would agree on a right to relief, as needed to clear the threshold imposed by § 2254(d).[8] But even if he had presented such arguments, his new claim would still fail to meet the additional requirements of

---

[3] Objections (Dkt. 28), at 5.

[4] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

[5] *Smith v. Aldridge*, 904 F.3d 874, 886 (10th Cir. 2018) (emphasis in original).

[6] *See Simpson v. Carpenter*, 912 F.3d 542, 575–76 (10th Cir. 2018).

[7] *See Smith*, 904 F.3d at 885–85; *Harding v. Bear*, 2019 WL 490351, at *5–6 (W.D. Okla. Feb. 7, 2019).

[8] *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). Under this deferential standard, even a showing of "clear error will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotations omitted).

5

§ 2254(e)(2). Therefore, this court is barred from conducting any additional evidentiary hearings and is limited to the record presented to the OCCA.

*Fourth*, Young marshals further arguments to support his assertion that the OCCA's decision was unreasonable and should not bar him from conducting additional evidence. The Court declines to reweigh the evidence and affidavits presented to the OCCA, since "a determination of a factual issue made by a State court shall be presumed to be correct" and Young has not "rebut[ed] the presumption of correctness by clear and convincing evidence."[9] The Court finds no further conclusions are required since, even if Young was correct, he would still be barred from conducting additional discovery by his failure to satisfy the requirements of § 2254(e)(2).

*Fifth*, Young objects to Magistrate Judge Purcell's conclusion that Young's claim about an expert witness helping his case was "purely speculative."[10] However, despite pointing to similar cases and explaining how—assuming that his theoretical expert would testify exactly as he hoped—the testimony would have helped his case, Young supplies "no evidence or convincing argument that medical testimony could support his claim."[11]

---

[9] 28 U.S.C. § 2254(e)(1).

[10] Supplemental Report & Recommendation (Dkt. 27), at 16. Young also embarked on a rambling discussion of his trial counsel's expert witness list filing and how his trial counsel supposedly knew that he needed to retain an expert. At first blush, this argument requires speculation about what was in trial counsel's mind and what trial counsel did or did not subjectively "know" about good trial strategy. However, more relevantly, this argument is barred from consideration since this argument was raised for the first time in Young's objections. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

[11] *Boyle v. McKune*, 544 F.3d 1132, 1138 (10th Cir. 2008).

As another district court succinctly observed, where a petitioner "offers no reason to believe that any expert would have testified as he wishes," he "cannot show either deficient performance or prejudice."[12] Here, since Young has not identified who the expert would have been and merely speculates that the theoretical testimony would support his claim, Magistrate Judge Purcell is correct that this claim is purely speculative.

*Sixth*, and *seventh*, Young presents arguments from two Second Circuit cases and a Tenth Circuit dissent to support his assertion that failure to obtain medical records is contrary to federal law. The Court declines to consider the arguments derived from these non-precedential authorities since to do otherwise would require assuming that Young's trial counsel never received the child victim's medical records, which would encroach upon this Court's deference to the OCCA's factual determinations. Furthermore, non-precedential authority "is not the measuring stick under AEDPA for assessing whether the OCCA acted unreasonably in resolving" a claim, rather, "Supreme Court law is."[13]

Young has failed to demonstrate that any of Magistrate Judge Purcell's conclusions are erroneous. Accordingly, the Court **ADOPTS** Magistrate Judge Purcell's Supplemental Report & Recommendation (Dkt. 27), **DENIES** Petitioner Young's § 2254 petition for writ of habeas corpus (Dkt. 1), **DISMISSES AS MOOT** Petitioner Young's untimely motion to conduct additional discovery (Dkt. 29), and **DENIES** a certificate of appealability.[14]

---

[12] *Davidson v. Kernan*, 2018 WL 3913395, at *11 (S.D. Cal. Aug. 15, 2018).

[13] *Grant v. Royal*, 886 F.3d 874, 994 (10th Cir. 2018).

[14] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a habeas petitioner. A certificate of appealability may issue only if the petitioner "has made a

**IT IS SO ORDERED** this 28th day of April 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds that a certificate of appealability should not issue.